IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR ENRIQUE MEDINA PALACIN,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CITIBANK, N.A.,<br><br>    Defendants. | Case No.: 1:25-cv-04123-JPC<br><br>United States District Judge John P. Cronan |

## AGREED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. **Definitions.** As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

    (b) "confidential" means a document reasonably designated as confidential under this protective order;

    (c) "confidential—attorneys' eyes only" means a document reasonably designated as highly confidential under this protective order.

    (d) "destroy" means to shred or delete information received. Nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring preservation of a client's file.

1

(e) "document" means information disclosed or produced in discovery, including at a deposition;

(f) "notice" or "notify" means written notice, including email;

(g) "party" means a party to this action; and

(h) "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed. Until such time, all deposition testimony shall be treated as Confidential Information.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those

persons entitled to receive confidential documents.

3. **Designating a Document or Deposition as Confidential—Attorneys' Eyes Only**

(a) If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

(b) Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential—Attorneys' Eyes Only."

(c) Deposition testimony may be designated as "Confidential—Attorneys' Eyes Only":

    (1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed. Until such time, all deposition testimony shall be treated as Confidential Information.

4. **Who May Receive a Confidential Document.**

(a) "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any

3

business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    an attorney or an attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    any juror or alternative juror;

        (6)    Experts retained in connection with this action;

        (7)    Any witness in this action who has received and signed the "Acknowledgement of Understanding" (Exhibit A);

        (8)    Professional jury, trial consultants, mock jurors, and professional vendors, who have received and signed the "Acknowledgement of Understanding" (Exhibit A);

        (9)    any person who is retained to assist a party or attorney with this action, who has received and signed the "Acknowledgement of Understanding" (Exhibit A);

    (c)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**5.    Who May Receive a Confidential—Attorneys' Eyes Only Document**

    (a)    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition,

declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential—attorneys' eyes only" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

    (b)    No person receiving a confidential—attorneys' eyes only document may reveal it, except to:

        (1)    A party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement of Understanding" (Exhibit A);

        (2)    Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Acknowledgement of Understanding" (Exhibit A);

        (3)    The Court and its personnel;

        (4)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Understanding" (Exhibit A);

        (5)    The author of the document or the original source of the information; and

        (6)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    (c)    If a confidential—attorneys' eyes only document is revealed to someone not

entitled to receive it, the parties must make reasonable efforts to retrieve it.

6. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential, or confidential—attorneys' eyes only, document that was not designated appropriately may, within a reasonable time after discovering the error, provide notice of the error and produce a copy of the document with the appropriate designation.

7. **Use of a Confidential or Confidential—Attorneys' Eyes Only Document in Court.**

(a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

8. **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A document, that is disclosed or produced by a party with a confidential designation, remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days

6

from the date the challenge is made. If the parties cannot agree after they meet and confer, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential— Attorneys' Eyes Only" subject to the provisions of this Protective Order.

(d)  If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9. **Handling a Confidential Document after Termination of Litigation.**

(a)  Within 30 days after the termination of this action (including any appeals), each party must:

(1)  return or destroy all confidential documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom.

(b)  Notwithstanding paragraph 9(a), for a period of up to 6 years after termination of this action (including any appeals) and solely for use in a malpractice dispute arising out of this matter between the attorney or that attorney's law firm and their client in this matter, each attorney may retain a copy of any confidential document, and each attorney may retain records. After that period, the documents and records shall be returned to the producing party or destroyed.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)  Notice.

(1)  A party or non-party who discovers that it has inadvertently disclosed or

        produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**11.**    **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**12.**    **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Any party seeking to file a redacted or sealed document shall follow the procedures in 4.A-B of the Court's Individual Rules and Practices in Civil Cases.

**IT IS SO ORDERED**.

Dated: September 22, 2025
New York, New York

                                    HONORABLE JOHN P. CRONAN
                                    UNITED STATES DISTRICT JUDGE